NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


MYNOR MATIAS,                          )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D16-971
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
                                       )
_____)

Opinion filed October 11, 2017.

Appeal from the Circuit Court for Polk
County; Wayne Durden, Judge.

Howard L. Dimmig, II, Public Defender,
and Marie-Louise Samuels Parmer,
Special Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Katherine Coombs
Cline, Assistant Attorney General, Tampa,
for Appellee.


CASANUEVA, Judge.

          Mynor Matias appeals his judgments and sentences for sexual battery on

a person less than twelve years old, attempted sexual battery on a person less than

twelve years old, and lewd molestation.  We affirm his judgments and sentences but

remand his case with instructions to the trial court to amend the sentencing documents

to provide that Mr. Matias is entitled to judicial review of his sentences after he has served twenty years in prison.

Mr. Matias, who was a juvenile when the offenses were committed, was sentenced to thirty years in prison followed by ten years of probation for the sexual battery, which is a life felony, see § 794.011, Fla. Stat. (2003), twenty years in prison followed by ten years of probation for the attempted sexual battery, a first-degree felony, see § 794.011, and fifteen years of probation for the lewd molestation, a second-degree felony, see § 800.04, Fla. Stat. (2003).[1]  The prison sentences were ordered to run consecutive, totaling fifty years in prison.

We find merit only in Mr. Matias's argument that the trial court should have specified in Mr. Matias's sentencing documents that he was entitled to judicial review of his sentences after twenty years.[2]  Section 775.082(3)(c), Florida Statutes (2017), provides that "[a] person who is sentenced to a term of imprisonment of more than 20 years is entitled to a review of his or her sentence in accordance with s. 921.1402(2)(d)" if the offense was committed before the defendant was eighteen years old.  In Kelsey v. State, 206 So. 3d 5, 8 (Fla. 2016), the Florida Supreme Court also recognized that "all juvenile offenders whose sentences meet the standard defined by the Legislature in chapter 2014–220, a sentence longer than twenty years, are entitled to judicial review."

---

[1]We do not find merit in Mr. Matias's challenge to the length of his sentence.  As the Florida Supreme Court held in Kelsey v. State, 206 So. 3d 5, 11 (Fla. 2016), a sentence of forty-five years in prison "was unconstitutional not because of the length of his sentence, but because it did not provide [the appellant] a meaningful opportunity for early release based on maturation and rehabilitation."

[2]Because the issue on appeal involves a purely legal question, the appropriate standard of review is de novo.  Kelsey, 206 So. 3d at 8.

In the present case, the trial court correctly found that Mr. Matias will be entitled to review of his sentences because the sentences exceed twenty years in prison: "The Court further finds that [t]he Defendant is entitled to judicial review of his sentence pursuant to Fla. Stat. 921.1402." Nonetheless, the trial court found that it was not required to delineate the right to such review in a written order, noting that section 921.1402(3), Florida Statutes (2015), "states that the Department of Corrections shall notify the juvenile offender of his or her eligibility to request a sentence review hearing 18 months before the juvenile offender is entitled to a sentence review hearing. It is then up to the juvenile offender to submit an application to the court."

We agree with the trial court that it usually may be unnecessary for a court to include language in a sentencing document providing for the right to judicial review of a sentence, as subsection (4) provides that the offender initiates the sentence review by submitting an application to the trial court requesting that a sentence review hearing be held. After receiving this application, it is mandatory for a trial court to conduct the review. § 921.1402(6).

However, as noted by Mr. Matias, the problem in the present case is that section 921.1402(1) specifically provides that it applies only to offenses that were committed after July 1, 2014, and Mr. Matias's offenses were committed in 2002 and 2003. Therefore, based on a strict reading of section 921.1402, Mr. Matias may not receive a judicial review of his sentence if his right to such is not specifically noted in his sentences.

To ensure that Mr. Matias's sentences comply with the dictates of section 775.082(3)(c) and Kelsey, we remand with directions to the trial court to amend the

sentencing documents to provide that Mr. Matias is entitled to a judicial review hearing pursuant to section 921.1402 after Mr. Matias has served twenty years in prison.

Accordingly, we affirm Mr. Matias's judgments and sentences and remand the case to the trial court with directions to amend the sentencing documents to provide that Mr. Matias has a right to seek judicial review of the sentences after he has served twenty years in prison.

Affirmed; remanded with directions.

LUCAS and BADALAMENTI, JJ., Concur.